UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANUEL LAMPON-PAZ,** | Civ. No. 22-239 (KM) |
| Plaintiff, | OPINION |
| v. | |
| **THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE, INTERNAL REVENUE SERVICE,** | |
| Defendants. | |

## INTRODUCTION

The plaintiff, Manuel Lampon-Paz, *pro se*,[1] has brought this action seeking an injunction barring the Internal Revenue Service ("IRS") from collections or levies "until the case is heard and reviewed by the proper courts and authorities." (DE 1) The government has filed a motion to dismiss the complaint for lack of jurisdiction and failure to state a cause of action. ("Gov't Brf.", DE 9) Mr. Lampon-Paz has filed a response ("Response", DE 12), and the government has filed a reply ("Reply", DE 15).[2]

The complaint arises from taxes allegedly owed by Mr. Lampon-Paz and assessed by the IRS. In its motion, the government clarifies the particular tax

---

[1] I granted a stay so that Mr. Lampon-Paz could seek to retain counsel. (DE 18) A month later, he wrote to inform the Court that he would be proceeding *pro se.* (DE 21)

[2] The government states that the summons and complaint have now been properly served, and has withdrawn its earlier motion to dismiss on the basis of improper service. *See* Reply at 5 n.1, DE 15.

1

years and assessments to which the complaint appears to be referring, as follows:

| Tax Period Ending | Assessment Date | Tax Assessment | Total Due as of Feb. 14, 2022 |
|---|---|---|---|
| 12/31/2015 | 08/06/2018 | $5,288 | $5,131 |
| 12/31/2016 | 06/25/2018 | $32,079 | $55,334 |
| 12/31/2017 | 03/30/2020 | $6,994 | $11,115 |
| 12/31/2019 | 12/20/2021 | $2,923 | <u>$3,895</u> |
| **Total:** | | | **$75,475** |

(DE 9-3, Martone Decl. ¶¶ 5-7; Ex. C, Pl's Account Trs.)

Mr. Lampon-Paz's complaint alleges that "[t]he defendants have, without informing the plaintiff, amended his 2019 tax filing from money owed to the plaintiff to money owed by the plaintiff. If the defendants feels that my filing is fraudulent, then I urge them to file criminal charges as required by law, if not, then I request that they pay the money owed posthaste. This should be the only two outcomes available." (DE 1) Attached to the complaint is a Letter to the Court (DE 2) and Exhibit (DE 2-1). The Letter requests that the court halt "deductions of my pension until a proper hearing can be set. . . . The defendants sent a form requesting that I pay or request a hearing. I requested a hearing. . . . I am asking the court to be objective and allow for a hearing to take place both on what I owe and what they owe me. . . . "

The government cites the following as the genesis of the levy to which Mr. Lampon-Paz objects:

1. 2/11/2019 - Collection Due Process (CDP) Notice of Intent to Levy for 2015 and 2016 tax years. Return receipt 2/13/2019. (*See* DE 9-6 at 2)

Mr. Lampon-Paz has attached to the complaint as an exhibit (DE 2-1) the following documents, here rearranged in chronological order:

2. Notice from the IRS, dated October 4, 2021, stating that unpaid taxes, penalties, and interest then amounted to $71,175.16.
3. Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP), signed and dated 11/17/2021. On the form, Mr. Lampon-Paz

states that he "requested a hearing with the IRS when the original notices [illegible; CDP?] were sent. My 2019 taxes shows the government owes me 8 million dollars for overpayment. Please pay immediately. 2015 taxes are already paid."

4. Form 1040, signed and dated 12/[25?]/2021,[3] for tax year 2019, reporting a gross income of $38,184, claiming an American Opportunity Tax Credit ("AOT Credit")[4] of $8,000,000, and requesting refund.

5. Letter from IRS, dated 12/21/2021, acknowledging receipt on 11/22/21 of unidentified item, relating to tax year 12/31/2015 (2 copies).

6. "Who Do I Owe?" Letter from the Department of the Treasury, Bureau of the Fiscal Service, dated 1/3/2022. It explains that of an original payment of $3041 from the Office of Personnel Management[5] to Mr. Lampon-Paz, $456.15 was applied to taxes owed.[6]

This lawsuit followed. Plaintiff filed the above-captioned federal complaint on January 7, 2022.

The gist of the plaintiff's position, then, gleaned from the complaint and his brief, is that (a) the government has wrongfully assessed taxes and/or levied against his pension; (b) in 2019, he asked for but did not receive a CDP hearing, and the government should not have levied on the tax assessment

---

[3] IRS records acknowledge late filing of a 2019 return on 12/20/2021. (*See* Account Transcript, DE 9-6 at 7–8.) Thus the handwritten date on the return may actually be 12/20, not 12/25.

[4] An American Opportunity Tax Credit "is a credit for qualified education expenses paid for an eligible student for the first four years of higher education completed after high school. You can get a maximum annual credit of $2,500 per eligible student and 40% or $1,000 could be refunded if you owe no tax." IRS, American Opportunity Tax Credit, https://www.irs.gov/credits-deductions/individuals/aotc It is claimed by filing Form 8863 with the individual's Form 1040.

[5] Mr. Lampon-Paz, a federal employee retired based on a disability, now receives a pension.

[6] This particular notice does not specify the tax year to which the levy was applied, and Mr. Lampon-Paz states or implies that it was applied to 2015 taxes. IRS records specify that this amount was applied to tax period 12/31/2016. (DE 9-6 at 4).

3

until such a hearing was held; (c) in 2021, he filed a 2019 tax return claiming an $8 million credit which, he argues, should offset and wipe out his earlier tax liability; (d) the court should order the IRS to give him the CDP hearing he requested; (e) while his rights remain unadjudicated, the court should enter an injunction halting collection activities.

## DISCUSSION

### A. Standards

The standards governing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction and a Rule 12(b)(6) motion to dismiss for failure to state a cause of action are familiar and need not be recounted in detail.

The government invokes sovereign immunity, a jurisdictional defense. In general, the United States and its agencies are immune from civil suit. *See Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. 255, 260 (1999). That immunity, which is of jurisdictional stature, may be waived by a sufficiently explicit statute enacted by Congress. *Id.* at 261; *Lane v. Pena,* 518 U.S. 187, 192 (1996). The government's brief discusses the 12(b)(1) jurisdictional issue and the Rule 12(b)(6) issue together, and indeed, where the question pertains to the existence or not of a Congressionally authorized cause of action, the two tend to merge.

A motion to dismiss for lack of jurisdiction pursuant to Rule 12(b)(1) may be brought as a facial or factual challenge. *See Lincoln Ben. Life Co. v. AEI Life, LLC,* 800 F.3d 99, 105 (3d Cir. 2015). Where the motion challenges jurisdiction on the face of the complaint, the court only considers the allegations of the complaint and documents referred to therein in the light most favorable to the plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977)). By contrast, where the existence of subject matter jurisdiction is challenged factually, "no presumptive truthfulness attaches to the plaintiff's allegations," and the court may consider evidence outside the pleadings to

satisfy itself of its power to hear the case. *Id.* Thus "Rule 12(b)(1) does not provide plaintiffs the procedural safeguards of Rule 12(b)(6), such as assuming the truth of the plaintiff's allegations." *CNA v. United States*, 535 F.3d 132, 144 (3d Cir. 2008).

Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim upon which relief can be granted. For these purposes, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Const. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014). On a motion to dismiss, a court is generally confined to the pleadings, but may consider documents that are "integral to or explicitly relied upon in the complaint" or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999) (emphasis and citations omitted); *see In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.7 (3d Cir. 2016).

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). That principle does not, however, absolve a *pro se* plaintiff of the need to adhere to the Federal Rules of Civil Procedure. *See, e.g., Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) ("a *pro se* complaint . . . must be held to 'less stringent standards than formal pleadings drafted by lawyers;' . . . but we nonetheless review the pleading to ensure that it has 'sufficient factual matter; accepted as true; to state a claim to relief that is plausible on [its] face.'").

### B. Injunction

Mr. Lampon-Paz's claim is for injunctive relief. His complaint, though irregular in form, is clear enough: It is titled "REQUEST FOR EMERGENCY INJUNCTION." (DE 1) The government argues that to the extent Mr. Lampon-

5

Paz seeks an injunction against the collection of taxes, his claim is barred by sovereign immunity, as well as the Tax Anti-Injunction Act. Mr. Lampon-Paz argues that statutory or judicial exceptions to the Tax Anti-Injunction Act leave open an injunctive cause of action.

As outlined above, beginning in February 2019 the IRS served notice that it would levy against Mr. Lampon-Paz's income for unpaid taxes dating from 2015 and 2016. In December 2021, Mr. Lampon-Paz late-filed his 2019 tax return, in which he claimed an AOT Credit for $8 million. At about the same time, he filed a CDP hearing request to have that claimed $8 million credit applied to the earlier tax liability and stop the levy on his income. In January 2022, the levy was nevertheless applied. Within days, Mr. Lampon filed this action seeking, inter alia, to enjoin collection of taxes, claiming that he owed nothing as a result of the claimed $8 million credit.

No express waiver of sovereign immunity has been identified. *See generally Dep't of the Army v. Blue Fox, Inc.,* 525 U.S. at 261 (immunity may be waived only by a sufficiently explicit statute enacted by Congress); *Lane v. Pena,* 518 U.S. 187, 192 (1996). The complaint cites a list of statutes, but does not set forth a basis for their application.[7]

More specifically, the Court lacks jurisdiction over such a claim under the Tax Anti-Injunction Act.[8] With irrelevant exceptions, the Act provides that

---

[7]  For example, 26 U.S.C. § 7429 provides for judicial review (as opposed to an injunction *per se*) of errors in connection with a jeopardy levy or assessment. The complaint, however, does not identify any erroneous levy, whether by amount or tax year, and does not state that Mr. Lampon-Paz exhausted administrative review before filing suit. He claims only that his later claim for an $8 million credit on his 2019 tax return, filed in late 2021, should retroactively offset and erase the assessments already in place. Plaintiff cites 26 U.S.C. § 7426, but that provision authorizes only a cause of action to restrain a levy for affected third parties other than the taxpayer.

[8]  (a) Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6232(c), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

"no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). *See also Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 5, 82 S. Ct. 1125, 1128 (1962) ("The object of § 7421(a) is to withdraw jurisdiction from the state and federal courts to entertain suits seeking injunctions prohibiting the collection of federal taxes."). The Act aims at "the protection of the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, 'and to require that the legal right to the disputed sums be determined in a suit for refund.'" *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974) (quoting *Enochs*, 370 U.S. at 7).

Exceptions are very limited, and do not apply here.

An injunction may be available where there is no alternative means of challenging the validity of official action. *See South Carolina v. Regan,* 465 U.S. 367, 373 (1984). Not so here; there do exist certain statutorily authorized causes of action for refund or damages based on unauthorized collection actions. *See* 26 U.S.C. §§ 7422, 7433.

An injunction may be available in the extreme and unusual case where the plaintiff discharges a dual burden: (1) considering the facts and law in the light most favorable to the government, under no circumstances could the government prevail; and (2) equity jurisdiction otherwise exists. *See Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986); *see also Enochs*, 370 U.S. at 7; *Zarra v. United States*, 254 F. App'x 931, 932 (3d Cir. 2007). The plaintiff's burden is very heavy, and the government's is correspondingly light: "[I]n general, the Act prohibits suits for injunctions barring the collection of federal taxes when the collecting officers have made the assessment and claim that it is valid." *Enochs*, 370 U.S. at 8. *Accord Penn. Transfer Co. of Philadelphia v. Whinston*, 337 F. Supp. 122, 124 (E.D. Pa. 1972), *aff'd*, 474 F.2d 1339 (3d Cir. 1973). Here, the assessments are properly documented. *See* DE 9-6. Plaintiff says little about the validity of the original assessments, and particularly the

7

2016 assessment that appears to be primarily at issue. Rather, he claims that in long thereafter, he claimed an offsetting $8 million AOT Credit on his 2019 return. That claim, setting aside its outlandish amount in relation to an income of $38,000, is completely undocumented and unexplained. *See* p.6 n.7. In short, Mr. Lampon-Paz has made nothing approaching the necessary showing that the government's position is so frivolous that it could not prevail.

In addition, the usual requirements of equity are absent.[9] The offsetting education credit, as mentioned, is unsupported and unexplained. The injury consists of a levy in the amount of approximately $456. By its nature any alleged injury from an erroneous levy is compensable in money, and a remedy at law is available in the form of a claim for a refund. There is no justification for permitting Mr. Lampon-Paz to proceed by injunction.[10]

---

[9] The four prerequisites of injunctive relief are familiar.

"A plaintiff seeking a preliminary injunction must establish

[1] that he is likely to succeed on the merits,

[2] that he is likely to suffer irreparable harm in the absence of   preliminary relief,

[3] that the balance of equities tips in his favor, and

[4] that an injunction is in the public interest."

*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

[10] The complaint very clearly seeks only an injunction. To the extent Mr. Lampon-Paz might be seeking a refund, however, his suit was filed in the absence of jurisdiction.

The heart of his claim is the government's refusal to recognize that he is entitled to the $8 million credit claimed on his 2019 return. There is, however, a jurisdictional prerequisite to the filing of a refund suit: he must show that the IRS denied his refund claim, or that six months have passed without any IRS response to such a claim. 26 U.S.C. § 6532(a); *see Minuti v. IRS,* 502 F. App'x 161, 162–63 (3d Cir. 2012).

No denial of the claim for an $8 million credit appears in the record. That claim is contained in the 2019 return itself. In his brief, the plaintiff seems to treat the December 2021 claim for an $8 million credit as a sort of preemptive dispute of the January 2022 levy against his earnings, and also seems to conflate the filing of his 2019 return with his alleged request for a CDP hearing and/or alleged request for a refund "in 2019." (Response, DE 12 at 3) In calendar year 2019, the late-filing of the 2019 return still lay two years in the future.

### C. Denial of a CDP Hearing

Plaintiff also seems to be making a procedural claim that he has been denied a CDP hearing to which he was entitled.

To obtain a CDP pre-levy hearing, the taxpayer must request it in writing within 30 days after the mailing of notice of the proposed levy. 28 U.S.C. § 6330(a). Here, the notices of proposed levy for tax years 2015 and 2016 were mailed on February 11, 2019. (*See* Collection Due Process (CDP) Notice of Intent to Levy for 2015 and 2016 tax years. Return receipt 2/13/2019. (DE 9-6 at 2)) The record before the Court does not show any Form 12153 Request for Hearing, or any other written request for a hearing, filed within 30 days after February 11, 2019.[11]

Only one written request for a hearing appears in the record: Mr. Lampon-Paz attaches to his papers a copy of Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP), signed and dated 11/17/2021, over two and one half years after the mailing of the notices of proposed levy. By letter dated February 15, 2022, the IRS properly rejected this request as untimely. (DE 15-2)[12]

---

Nor, when this action was filed, had six months passed without IRS action on plaintiff's claim. This case was filed on January 7, 2019, four days after the levy to which plaintiff objects, and a mere two or three weeks after the filing of the 2019 return itself. In his responding brief (not his complaint), the plaintiff states that the "refund request" was postmarked in "approximately April or May of 2021, more than 6 months prior to the imposed levy," and that the IRS must possess the envelope with the postmark. (DE 12 at 3) But the 2019 return itself, a copy of which Mr. Lampon-Paz has attached to his papers, is signed and dated in December 2021. (DE 2-1 at 8) IRS records confirm late filing of the 2019 return on December 20, 2021. (*See* Account Transcript, DE 9-6 at 7–8.) Whatever may be meant, there is no evidence of any return, refund request, or hearing request dating from 2019.

In short, no claim for a refund was asserted in this action, but if it had been, jurisdiction would have been lacking.

[11]    The IRS submits a declaration from a revenue officer to the effect that no such filings can be found in its records. (DE 15-1 at 2–3 ¶¶ 5–9)

[12]    If a request for a CDP hearing is made after the 30-day deadline but within one year, an "equivalent hearing" may be granted. An equivalent hearing, however, does not prohibit levy or suspend the 10-year period for collection, and the result is not reviewable in court. *See* Form 12153 Instructions, https://www.irs.gov/pub/irs-

On the November 17, 2021 Form 12153, Mr. Lampon-Paz has written that he "requested a hearing with the IRS when the original notices [illegible; CDP?] were sent. My 2019 taxes shows the government owes me 8 million dollars for overpayment. Please pay immediately. 2015 taxes are already paid." The nature of the alleged request, whether oral or written, is not stated, but to be valid any such request would have needed to be in writing. 28 U.S.C. § 6330(a). No such 2019 request for a hearing appears in the record. Mr. Lampon-Paz's claim that he should have received a hearing because the government owes him $8 million on his 2019 taxes is, moreover, simply anachronistic; at the time he was required to request a hearing (*i.e.,* within 30 days after February 11, 2019), the filing of his 2019 return lay more than two years in the future. He could not have been contesting the notice of levy based on a claim for AOT Credit that had not yet been made.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss the complaint for lack of jurisdiction and failure to state a claim is GRANTED. Dated: September 19, 2022

/s/ Kevin McNulty

_____

**KEVIN MCNULTY**
**United States District Judge**

---

pdf/f12153.pdf  The notice of untimeliness stated that Mr. Lampon-Paz's Form 12153 was not filed "within the required one year time frame," an apparent reference to the equivalent hearing deadline. (DE 15-2) The letter also informed Mr. Lampon-Paz that he might pursue an appeal under the Collection Appeals Program, enclosing a copy of publication 1660.