# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MANUEL LAMPON-PAZ,**     **Plaintiff,**     v. **THE UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF JUSTICE; and INTERNAL REVENUE SERVICE,**     **Defendants.** | Civ. No. 22-00239 (KM) (JRA) OPINION |

### KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion (DE 31) of plaintiff Manuel Lampon-Paz for reconsideration of the Court's opinion and order granting the Government's motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim (DE 27, 28). *See Lampon-Paz v. United States et al.*, No. CV 22-239, 2022 WL 4354725 (D.N.J. Sept. 19, 2022) ("Op."). Mr. Lampon-Paz seeks reconsideration of the Court's dismissal of his complaint seeking an injunction barring the Internal Revenue Service ("IRS") from collection or levies "until the case is heard and reviewed by the proper courts and authorities." (Compl. at 1.)[1]

---

[1]     Certain citations to record are abbreviated as follows:

        "DE" = Docket entry number in this case

        "Compl." = Plaintiff's Request for Emergency Injunction (DE 1)

        "Mot." = Plaintiff's Motion to Reconsider (DE 31)

        "Opp." = The United States' Opposition to the Plaintiff's Rule 59(E) Motion to Reconsider (DE 32)

        "Reply" = Plaintiff's Memorandum Opposing Defendants' Response (DE 35)

For the reasons set forth below, Mr. Lampon-Paz's motion for reconsideration is **DENIED**.

I. **BACKGROUND**

A detailed factual background can be found in my previous opinion. To summarize, the complaint arises from taxes allegedly owed by Mr. Lampon-Paz and assessed by the IRS. In his complaint, Mr. Lampon-Paz claims 1) the Government has wrongfully assessed taxes and/or levied against his pension; 2) in 2019, he asked for but did not receive a Collection Due Process ("CDP") hearing, and the Government should not have levied on the tax assessment until such a hearing was held; 3) in 2021, he filed a 2019 tax return claiming an $8 million credit which, he argues, should retroactively offset and wipe out his earlier tax liability; 4) the Court should order the IRS to give him the CDP hearing he requested; and 5) while his rights remain unadjudicated, the Court should enter an injunction halting collection activities.

Mr. Lampon-Paz filed his complaint in this action on January 7, 2022. On February 4, 2022, the Government moved to dismiss the complaint. (DE 9.) After the motion was fully briefed, Mr. Lampon-Paz asked to delay any decision until October 3, 2022 while he traveled outside the country. (DE 25.) On September 13, 2022, I granted the delay until September 30, 2022. (DE 26.) In an opinion and order, dated September 19, 2022, I granted the Government's motion to dismiss without prejudice. (DE 27, 28.) On October 4, 2022, Mr. Lampon-Paz filed a timely notice of appeal. (DE 29.) On October 25, 2022, Mr. Lampon-Paz filed a motion for reconsideration. (DE 31.) In his motion, Mr. Lampon-Paz argues that his motion was timely even though it was not filed within 28 days of my September 19, 2022 order. (*Id.* at 14.) He asserts that the order did not become effective until September 30, 2022 when the stay I

---

"Govt. Sur Reply" = The United States' Surreply in Support of its Opposition to the Plaintiff's Rule 59(E) Motion to Reconsider (DE 41)

"Pl. Sur Reply" = Plaintiff's Response to the Government's Sur-Reply (DE 42)

granted expired. (*Id.*) On November 7, 2022, the Government opposed Mr. Lampon-Paz's motion for reconsideration (DE 32), and the parties have since filed multiple briefs and letters in support (DE 35, 39, 40, 41, 42, 43). Mr. Lampon-Paz's motion for reconsideration is fully briefed and ripe for decision.

**II.    LEGAL STANDARD**

"Reconsideration is an 'extraordinary remedy,' to be granted 'sparingly.'" *United States v. Coburn*, No. 19-00120, 2022 WL 874458, at *2 (D.N.J. Mar. 23, 2022) (quoting *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996)). "Generally, reconsideration is granted in three scenarios: (1) 'an intervening change in the controlling law;' (2) 'the availability of new evidence that was not available' at the time of the court's decision; and (3) 'the need to correct a clear error of law or fact or to prevent manifest injustice.'" *Id.* (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The moving party bears the burden of demonstrating that one of these scenarios applies. *See id.*

In this district, motions for reconsideration are governed by Local Civil Rule 7.1(i). That rule provides that a party may move for reconsideration within 14 days of an entry of order or judgment on the original motion. *See* L. Civ. R. 7.1(i). It also requires that a party file a brief with their motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge has overlooked." *See id.*

"The word 'overlooked' is the operative term in the Rule." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). "A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process." *Church & Dwight Co. v. Abbott Labs.*, 545 F. Supp. 2d 447, 450 (D.N.J. 2008). Put differently, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through—rightly or wrongly.'" *Oritani Savs. & Loan Ass'n v. Fid. & Deposit Co. of Md.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel*

3

*Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)). In addition, a motion for reconsideration is not "an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment." *Red Roof Franchising v. AA Hospitality Northshore,* 937 F. Supp. 2d 537, 543 (D.N.J. 2013). The purpose of a motion for reconsideration is to allow counsel to draw the court's attention to issues that "may have been overlooked by the court, not those which were overlooked by counsel." *See Estate of Harrison v. Trump Plaza Hotel & Casino,* No. 12-6683, 2015 WL 3754996, at *2 (D.N.J. June 16, 2015) (quoting *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.,* 931 F. Supp. 328, 339 (D.N.J. 1996)).

### III.   DISCUSSION[2]

In my September 19, 2022 Opinion, I held 1) this Court lacks jurisdiction over Mr. Lampon-Paz's claim for injunctive relief because it is not subject to any exception under the Tax Anti-Injunction Act,[3] and 2) to the extent Mr.

---

[2]   I note that the parties have thoroughly briefed the threshold issue of whether Mr. Lampon-Paz's notice of appeal divested this Court of jurisdiction "over those aspects of the case involved in the appeal," or if the reconsideration motion was timely filed so as to preserve this Court's jurisdiction. (Govt. Sur Reply at 3-5; Pl. Sur Reply at 5.) Generally speaking, "[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982); *see also Kull v. Kutztown Univ. of Pa.*, 543 F. App'x 244, 248 (3d Cir. 2013). In such circumstances, the district court is prohibited from taking any action that would purport to divest the appellate court of its jurisdiction. *Ortho Pharm. Corp. v. Amgen, Inc.*, 887 F.2d 460, 462-63 (3d Cir. 1989). As it happens, the Third Circuit recently affirmed my dismissal of Mr. Lampon-Paz's complaint (as I discuss in more detail *infra*). It has not, however, issued a formal mandate terminating its jurisdiction over the case. Whether this Court has jurisdiction to grant the present motion remains at best an open question. However, the answer to that question is of no consequence because I would deny Mr. Lampon-Paz's motion, whether on a substantive or indicative basis. *See* Fed. R. Civ. P. 62.1(a)(2); *Kull*, 543 F. App'x at 247–48.

[3]   (a) Tax.--Except as provided in sections 6015(e), 6212(a) and (c), 6213(a), 6232(c), 6330(e)(1), 6331(i), 6672(c), 6694(c), 7426(a) and (b)(1), 7429(b), and 7436, no suit for the purpose of restraining the assessment or collection of any

4

Lampon-Paz also asserts a procedural claim that he has been denied a CDP hearing to which he was entitled, his complaint fails to state a claim. (Op. at 6, 10.) Mr. Lampon-Paz now moves for reconsideration of this decision, arguing that contrary to my prior holding, his case qualifies for an exception under the Tax Anti-Injunction Act (Mot. 2-3 (citing *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1 (1962)).)

Earlier this month, the Third Circuit affirmed my dismissal of Mr. Lampon-Paz's complaint because the appeal "present[ed] no substantial question." *Lampon-Paz v. United States, et al.*, App. No. 22-2861, DE 12 (3d Cir. April 3, 2023) (text order) (citing 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.). In so doing, the Third Circuit held:

> For the reasons explained by the District Court, Appellant's claims could not proceed, notably because the injunctive relief requested is barred by the Tax Anti-Injunction Act. *See* 26 U.S.C. Section 7421(a) (declaring that, with exceptions inapplicable here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person"). Appellant has not demonstrated that his is the rare case where "under no circumstances could the Government ultimately prevail," and "equity jurisdiction otherwise exists," justifying an exception to Section: 7421(a). *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 7 (1962); *see also Flynn v. United States*, 786 F.2d 586, 589 (3d Cir. 1986). Accordingly, the District court properly dismissed the complaint.

*Id.* This clear direction from the Third Circuit rules out the possibility that my prior decision requires amendment due to "an intervening change in controlling law" or "the need to correct a clear error of law or fact." *Coburn*, No. 19-00120, 2022 WL 874458, at *2. I will therefore consider Mr. Lampon-Paz's motion only to the extent it raises "new evidence that was not available at the time of the court's decision," the only possible ground for reconsideration that remains. *Id.*

---

tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

26 U.S.C. § 7421(a).

Because Mr. Lampon-Paz proffers no new evidence that was unavailable at the time of my prior decision, his motion for reconsideration must be denied. To be sure, Mr. Lampon-Paz asserts a number of factual claims in his briefing. First, he alleges that he requested a CDP hearing in 2019 that the IRS ignored. (Mot. at 4-6.) Second, he alleges the IRS delayed its collection action for two years. (*Id.* at 4.) Third, he argues for the first time that the IRS failed to issue a second notice of intent to levy within 180 days of the first notice he received, which would have given him another opportunity to request a CDP hearing. (*Id.* at 13.) Fourth, he alleges that the IRS engaged in abusive tax collection activities in 2008, 2013, and 2015 unrelated to the tax liabilities at issue in his complaint.[4] (*Id.* at 6-7.) None of these factual assertions, however, constitutes new evidence that warrants reconsideration. Each of Mr. Lampon-Paz's allegations either were raised or could have been raised when the parties were briefing the Government's motion to dismiss. Moreover, even if these purported facts *were* unavailable at the time of my prior decision—and were supported by evidence—they have no bearing on my finding, or the Third Circuit's affirmation, that Mr. Lampon-Paz's request for an injunction is barred by the Tax Anti-Injunction Act and that his complaint otherwise fails to state a claim. *See Einhorn v. Kaleck Bros.*, 713 F. Supp. 2d 417, 426 (D.N.J. 2010) (quoting *Marshak v. Treadwell*, 2008 WL 413312 at *5 (D.N.J.2008)) (The movant "must show that the court overlooked a factual or legal issue that may alter the

---

[4] On April 11, 2023, Mr. Lampon-Paz filed a "Request to Introduce After-Discovered Evidence," in which he references recent congressional testimony by United States Attorney General, the Director of the Federal Bureau of Investigation, and the Secretary of Homeland Security opining that white supremacy and "distrust between the races and ethnicities" is a threat to democracy. (DE 43 at 2.) He argues that this is relevant to his case because he believes the Government purposely withheld information about his case because of his ethnicity. (*Id.* at 3.) Finally, he argues that these actions constitute a fraud on the Court. (*Id.* at 4.) Mr. Lampon-Paz provides no credible factual basis for these allegations and his argument that these allegations are relevant in some way to the present motion lacks merit. The purported evidence he proffers is not newly discovered and, in any event, does not change my analysis of the Tax Anti-Injunction Act or the present motion.

disposition of the matter . . .") Reconsideration is therefore inappropriate and Mr. Lampon-Paz's motion will be denied.[5]

## IV. CONCLUSION

For the reasons set forth above, I will **DENY** Mr. Lampon-Paz's motion for reconsideration.

An appropriate order follows.

Dated: April 14, 2023

/s/ Kevin McNulty

**Hon. Kevin McNulty**
**United States District Judge**

---

[5]  Because both parties have at least suggested that Mr. Lampon-Paz's motion could be construed as a Rule 60(b) motion for relief from a judgment or order (Govt. Sur Reply at 5; Pl. Sur Reply at 6.), I comment briefly to clarify that analyzing the motion under Fed. R. Civ. P. 60(b) would not change the outcome.

Fed. R. Civ. P. 60(b) permits a party to seek relief from a final judgment or order "under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005) There is also a catch-all provision that allows the Court to grant relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also Pierce Assoc., Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988). "The movant under rule 60(b) bears a heavy burden, which requires more than a showing of the potential significance of the new evidence." *Bohus v. Beloff*, 950 F.2d 919, 930 (3d Cir. 1991) (quotations and citations omitted). Motions under Fed. R. Civ. P. 60(b) provide "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Id.* Likewise, Rule 60(b) motions require the alleged circumstance warranting relief to be material to the outcome of the proceedings. *Chinniah v. East Pennsboro*, 639 F. App'x 89, 92 (3d Cir. 2015) (affirming lower court denial of Rule 60(b)(6) motion when defendants' allegation of their own lawyer's misconduct did not alter the outcome of the trial).

Mr. Lampon-Paz has not demonstrated any entitlement to the extraordinary relief provided under Fed. R. Civ. P. 60(b). In addition to submitting the purported evidence I have already discussed, Mr. Lampon-Paz claims that the Government improperly withheld information and tampered with evidence, namely audio recordings of calls that purportedly prove he requested a CDP hearing at an appropriate time. (Reply at 2-3; *see also* DE 33 and 34 (detailing audio recordings).) Even if Mr. Lampon-Paz's allegations of misconduct are true—though he provides little to no credible support for them—they have no relevance to the resolution of the case. Mr. Lampon-Paz's motion, even if viewed under Fed. R. Civ. P. 60(b), must therefore be denied. *See Chinniah*, 639 F. App'x at 92; *Bohus*, 950 F.2d at 930.